On Rehearing.
PROVOSTY, J.
The situation of the case is that no one sets up in any pretensions to the property except the plaintiff and Ducros. Ducros does not pretend to have ever been in possession of any part of the land, and his title is a mere nullity. As to that there can be no • serious dispute. As soon as the plaintiff made his purchase he took actual possession according to the description called for by his act of purchase; that is to say, up to Johnson street. But it is said that the Johnson street up to which he thus.extended his possession is not the Johnson street named in his act of purchase, but is the street formerly called Celestine, whose name has been changed to Johnson; that it is two squares further out than the Johnson street called for by the title.
Even conceding this to be the case, the court is of opinion that as against Delavigne, who makes no claim whatever, and Ducros, who relies solely and exclusively upon a tax title which has been declared to be absolutely null, plaintiff is entitled to have a decree quieting him in the possession of all the land of which he is in actual possession, Plaintiff took this land a swamp, and has converted it into a cultivated field; and it so happens that the part of the land to which his title is said not to extend is the very spot on which he has built his houses and made most of his improvements.
It is not so clear that the two witnesses Delavigne and Pilie are not mistaken when they say that the description contained in plaintiff’s title is founded upon the map known in the record as the “Pilie & Murray Map,” and that said description does not include all the land of which plaintiff is in the actual possession. The description in plaintiff’s title is precisely the same as that in his author’s title, and the latter title purports to be founded upon a plan made by D’Armas, and makes no reference to this Pilie & Murray map. Moreover, said title calls for Urquhart street as one of the boundaries, and the Pilie & Murray map does not show any street by that name.
Upon further consideration of the case, therefore, the court is of opinion that the judgment appealed from should be affirmed.
Judgment affirmed.
MONROE, J., dissents.